IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

AARIS DJUAN JEFFERSON                                                                PLAINTIFF

       v.                    Civil No. 6:21-cv-06052

SUPERVISOR JOE JONES, Trinity
Services Group, et al.                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to keep the Court informed of his address.

### I. DISCUSSION

On April 28, 2021, Gary M. Chambers filed a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of himself and sixteen other plaintiffs. Aaris Jefferson ("Jefferson") was one of the sixteen plaintiffs. His claims were severed, and this case opened on his behalf. Jefferson proceeds *pro se*. At the time the case was filed, Jefferson was incarcerated in the Garland County Detention Center.

By Order (ECF No. 2) entered on April 28, 2021, Jefferson was directed to file an amended complaint and an application to proceed *in forma pauperis* ("IFP"). The amended complaint and IFP application were to be filed by May 27, 2021.

On June 3, 2021, all mail sent to the Jefferson at the Garland County Detention Center, including the Court's Order (ECF No. 2) directing the filing of the amended complaint and IFP, was returned as undeliverable with a notation that Jefferson was no longer incarcerated at the

1

facility (ECF No. 4). More than thirty days has passed since the mail was returned as undeliverable and the Jefferson has not contacted the Court in anyway. The Court has not had a valid address on Jefferson since late April or early May of 2021.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.  CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Jefferson's failure to prosecute this case and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of July 2021.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE